[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The State of Connecticut condemned a portion of the defendant, Richard E. Gruskin's, land at 210 Waterford Parkway North, Waterford, Connecticut. The defendant claimed that the compensation was inadequate and the specific dimensions of the take, including the easement, were inadequately surveyed. The state took property on the entrance ramp to I-95 at Cross Road, a strip 166 feet in length, on the northerly side of the entrance ramp. It was 8 feet to 0 feet wide over the length of the 166 foot strip for a total of 479 square feet.
The court has viewed the property in accordance with the statute. The state awarded $800 damages.
Gruskin claims that the taking area was 479 square feet and that his entire property of 13.80 acres or 601,128 square feet had a value of over $1,000,000. The type of use is commercial considered to be the highest and best use. The land is zoned industrial commercial and is presently unimproved vacant commercial land.
At the end of the plaintiff's testimony, the state moved to dismiss because the plaintiff had failed to state a before and after evaluation of the land. Under state law the case must fail because of that failure. In response to the state's motion, Mr. Gruskin then testified that he said that the property was worth $150,000 before the taking and he now says that the property is worth $150,000 before the take and that it is worth $135,000 after the take. The court reserved decision on the motion and ordered the state to put on its appraiser. The state put on as a witness its appraiser, Charles M. Wisnioski, of Rocky Hill. He was duly qualified as an a appraiser and testified that the type of land being surveyed was at 210 Waterford Parkway North, Waterford, Connecticut and that the land was vacant unimproved commercial land. It is in fact land on the north side of the entrance ramp from Cross Road onto I-95.
The appraiser then surveyed various commercial land similar to that of the proposed area. He found that the acquisition area of the taking was 479 square feet and that the highest and best use was commercial. He found the market value of the subject property to be $0.69 per square foot. He found the value of the land in the taking area to be 479 square feet at $0.69 per square foot for a total of $331 and the value of the easement to the slope to be 2,844 square feet at $0.17 a square foot for a total of $483. he found that there were no improvements, and that the acquisition for lease or rental value is $814 or $800. After surveying similar properties, he found that the subject land was valued at $30,000 per acre for a total value of $414,000 adjusted to account for lack of approvals, motivation, size and site conditions. The resulting final value was $0.69 per square foot. CT Page 6231
It was the testimony of Mr. Wisnioski that the value of the land before the take was $414,800 and after the take $414,000 for a net loss of $800.
In view of the evidence presented by both sides, the plaintiff testifying on his own without the benefit of any comparatives and simply based upon his own estimate of the property and that of the experienced appraiser produced by the state, the court must find that the state's evidence is the more persuasive and, therefore, confirms the award made by the state of $800.
D. Michael Hurley, Judge Trial Referee